HARRY REDL, Petitioner, v. DEAN HELLER, Secretary of State of the State of Nevada, Respondent, and 411 NEW YORK OWNERS CORP., a Nevada Corporation, Real Party in Interest.

No. 40610

March 12, 2004

85 P.3d 797

*Watson Rounds* and *Kenneth N. Caldwell*, Reno, for Petitioner.

*Brian Sandoval,* Attorney General, and *George G. Campbell,* Deputy Attorney General, Carson City, for Respondent.

*White Law Chartered* and *John A. White Jr.,* Reno; *Sharp & Brown, LLP,* and *John E. Sharp,* San Rafael, California, for Real Party in Interest.

Before BECKER, AGOSTI and GIBBONS, JJ.

## OPINION

*Per Curiam:*

In this petition for a writ of mandamus, petitioner challenges the Secretary of State's revival of a revoked corporate charter after a five-year period. We conclude that under NRS 78.730, the Secretary of State has discretion to revive a corporate charter that has been revoked for a period of five or more years. We therefore deny the petition.

### FACTS

Approximately five years ago, petitioner Harry Redl entered into a land purchase agreement with real party in interest 411 New York Owners Corp. (New York Owners). New York Owners is a

Nevada Corporation. Redl agreed to sell eleven lots of land in Marin County, California, to New York Owners. When Redl failed to acquire title to three of the eleven lots, New York Owners sued Redl in California for breach of contract. On October 6, 2002, Redl requested a certificate of revocation of New York Owners' corporate charter from the Nevada Secretary of State to prove that it was not a corporation in good standing at the time of the contract. Redl later discovered that the Secretary of State had revived New York Owners' corporate charter. Redl claims that the revival of the corporate charter compromised his position in the breach-of-contract litigation.

New York Owners incorporated in Nevada on September 23, 1994. After 1995, New York Owners failed to file a list of officers and directors and designate a resident agent with the Nevada Secretary of State. New York Owners also failed to pay the appropriate fees and subsequent penalties. As a result, on July 1, 2001, the Nevada Secretary of State permanently revoked New York Owners' charter. Then, on November 6, 2002, New York Owners filed a list of officers and directors and designated a resident agent. New York Owners also paid $1,555 in fees and penalties along with an application for a certificate of revival. The application for revival and the list of officers and directors did not contain any directors; it contained only officers. The Secretary of State accepted New York Owners' application and revived its corporate charter.

Redl petitions for a writ of mandamus, challenging the Secretary of State's issuance of a certificate of revival for New York Owners.

## DISCUSSION

Redl petitions this court to issue a writ of mandamus to compel the Secretary of State to revoke New York Owners' revived corporate charter. We have original jurisdiction to issue writs of mandamus.[1] " 'The extraordinary remedy of mandamus is available to compel the performance of an act which the law especially enjoins as a duty resulting from office' "[2] or to control an arbitrary or capricious exercise of discretion.[3] A writ of mandamus will not issue, however, if the petitioner has a plain, speedy and adequate remedy in the ordinary course of law.[4] Further, mandamus is an ex-

---

[1]Nev. Const. art. 6, § 4; NRS 34.160.

[2]*City of Reno v. Nevada First Thrift,* 100 Nev. 483, 487-88, 686 P.2d 231, 234 (1984) (quoting *Board of Comm'rs v. Dayton Dev. Co.,* 91 Nev. 71, 75, 530 P.2d 1187, 1189 (1975)).

[3]*Round Hill Gen. Imp. Dist. v. Newman,* 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

[4]NRS 34.170.

traordinary remedy, and it is within this court's discretion to determine if a petition will be considered.[5]

Reinstatement and revival of a corporate charter are duties resulting from the office of the Secretary of State;[6] and as discussed below, the Secretary of State has discretion to accept applications for revival that substantially comply with pertinent statutory provisions. Moreover, Redl has no adequate remedy in the ordinary course of law to challenge the Secretary of State's decision. It therefore appears that an original writ proceeding is the appropriate method for challenging the Secretary of State's decision.

Redl contends that the Secretary of State lacked authority to revive New York Owners' revoked corporate charter. Redl bases his contention in part on the reinstatement provisions of NRS 78.180(4),[7] which does not mention the process of revival. Redl argues, however, that reinstatement and revival are the same.

We have stated that "words in a statute should be given their plain meaning unless this violates the spirit of the act."[8] We "read each sentence, phrase, and word to render it meaningful within the context of the purpose of the legislation."[9] To determine whether reinstatement and revival are distinguishable, we will analyze each in turn.

*Corporate reinstatement*

Under NRS 78.180, the Secretary of State shall reinstate a corporation if the corporation files its list of officers and directors and pays the fees and any penalties.[10] If the corporate charter "has been revoked . . . for a period of 5 consecutive years, the charter must not be reinstated."[11]

New York Owners applied for revival of its corporate charter. It did not apply for reinstatement. NRS 78.180 only provides the conditions and procedures for reinstatement; it does not mention

---

[5]*Poulos v. District Court,* 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also Smith v. District Court,* 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

[6]NRS 78.180; NRS 78.730.

[7]NRS 78.180(4) states: "If a corporate charter has been revoked pursuant to the provisions of this chapter and has remained revoked for a period of 5 consecutive years, the charter must not be reinstated."

[8]*McKay v. Bd. of Supervisors,* 102 Nev. 644, 648, 730 P.2d 438, 441 (1986), *quoted in White v. Continental Ins. Co.,* 119 Nev. 114, 117, 65 P.3d 1090, 1091-92 (2003).

[9]*Bd. of County Comm'rs v. CMC of Nevada,* 99 Nev. 739, 744, 670 P.2d 102, 105 (1983).

[10]NRS 78.180.

[11]NRS 78.180(4).

revival. Because there is another statute specifically governing the revival process, the plain meaning of reinstatement under NRS 78.180 cannot include revival. Since each word should have meaning within the statute, the word "reinstatement" must be different from the word "revival."[12] Therefore, NRS 78.180 does not apply to New York Owners.

## Corporate revival

NRS 78.730(1) states that "[a]ny corporation which did exist or is existing under the laws of this state may . . . procure a renewal or revival of its charter for any period." The corporation must comply with the provisions of NRS 78.180,[13] which requires the corporation to pay any fees and penalties and file a list of officers and directors and designation of a resident agent.[14] The corporation must also file a certificate with the Secretary of State setting forth: (1) the name of the corporation; (2) the name and address of the resident agent; (3) the date when revival is to be effective, which may be before the date of the certificate; (4) whether the revival is to be perpetual; and (5) that the corporation is, or has been, organized and carrying on the business authorized by its charter.[15] Finally, the certificate must be signed by a person representing the majority of the stockholders.[16] Upon complying with these procedures, the Secretary of State has the discretion to revive a corporate charter. The reinstatement statute does not contain any of these provisions.[17]

The process for revival differs substantially from reinstatement in several ways. First, a corporation seeking reinstatement does not need to file a certificate with the Secretary of State.[18] Second, a corporation seeking reinstatement does not have to sign a certificate representing the majority of the stockholders.[19] Third, a corporation seeking revival may choose the date that the charter becomes effective, which may be any date between the original date of default to the date when the certificate is filed.[20] A corporation seeking reinstatement cannot choose an effective date.[21] Fourth, a

[12]*See Bd. of County Comm'rs,* 99 Nev. at 744, 670 P.2d at 105.

[13]NRS 78.730(1).

[14]NRS 78.180.

[15]NRS 78.730(1).

[16]NRS 78.730(3).

[17]NRS 78.180.

[18]*Compare id., with* NRS 78.730(1).

[19]*Compare* NRS 78.180, *with* NRS 78.730(3).

[20]NRS 78.730(1)(a)(3).

[21]NRS 78.180.

corporation seeking reinstatement cannot be reinstated if its charter has remained revoked for a period of five consecutive years.[22] There is no similar restriction on revival.[23]

By its plain terms, NRS 78.730 allows *any* Nevada corporation now existing or that did exist to apply for revival of its charter. The Legislature, by putting a limit on reinstatement and not on revival, knew that it could limit revival and chose not to. In the instant case, New York Owners applied for revival under NRS 78.730 and was a corporation at the time of revival. Therefore, it existed as required by statute. New York Owners provided the Secretary of State with its list of officers and paid the fees and penalties. It complied with all other procedures that NRS 78.730 requires, and the Secretary of State accepted New York Owners' certificate of revival.

### Corporate revival after five years

New York Owners applied for a revival of its corporate charter under NRS 78.730. It did not apply under NRS 78.180. Since New York Owners did not apply for reinstatement, it is not subject to the five-year limitation. The plain meaning of the statute is that the five-year limitation applies only to reinstatement, not revival.[24] Although a corporation cannot be reinstated after five years, there is no provision under NRS 78.730 that prevents a corporate revival after five years. The Secretary of State has the discretion to revive a revoked corporate charter after any amount of time.

### Corporate revival after dissolution

Redl also argues that the Secretary of State can revive only a dissolved corporation. Redl relies on a 1951 opinion from the Nevada Attorney General that discusses the statutes preceding NRS 78.730.[25]

The Attorney General opined that the revival provision could apply only to a dissolved corporation because the statute refers to stockholders instead of a president or secretary.[26] We note that the Attorney General's opinions are not precedent.[27] Moreover, the cur-

---

[22]NRS 78.180(4).

[23]NRS 78.730.

[24]NRS 78.180(4).

[25]51-119 Op. Att'y Gen. 269 (1951).

[26]*Id.* at 270.

[27]*University System v. DR Partners,* 117 Nev. 195, 203, 18 P.3d 1042, 1048 (2001).

rent statute specifically states that it applies to any corporation that did exist or is now existing.[28] Consequently, we conclude that the plain meaning of NRS 78.730 must include all Nevada corporations, both those that existed and those that now exist. New York Owners incorporated in Nevada and qualified as an existing corporation because it had not been dissolved. New York Owners would have also qualified for revival if it had no longer existed at the time of revival.

## Failure to file list of directors

Redl contends that because New York Owners failed to file its list of directors with the Secretary of State, the corporation should not have been revived. New York Owners claims that it did file its list of directors, as evidenced by the certificate of revival. However, the certificate of revival contains only the names and addresses of the corporate officers. The areas indicated for names and addresses of directors are blank.

Under NRS 78.730(1)(b), the corporation must file a certificate with the Secretary of State that includes "[a] list of its president, secretary and treasurer and all of its directors." We agree with the 1951 Attorney General's opinion to the extent that "[w]hen papers are presented to the Secretary of State for filing and such papers substantially comply with the statutes, his discretion does not extend to the merits of the application."[29] The Secretary of State thus has the discretion to accept applications that substantially comply with NRS 78.730.[30] We have "defined substantial compliance as compliance with essential matters necessary to ensure that every reasonable objective of the statute is met."[31] For the reasons set forth below, the Secretary of State's decision to revive New York Owners' corporate charter was not a manifest abuse of discretion.

On November 6, 2002, New York Owners filed a certificate of revival pursuant to NRS 78.730. New York Owners paid the fees and penalties assessed by the Secretary of State. The certificate listed the names and addresses of New York Owners' president, secretary, and treasurer. It also listed the name and address of its resident agent; however, it did not list any directors. Since the directors must be listed under NRS 78.730(1)(b) for the purpose of

---

[28]NRS 78.730(1).

[29]51-119 Op. Att'y Gen. 269, 271 (1951).

[30]*Id.*

[31]*Williams v. Clark County Dist. Attorney,* 118 Nev. 473, 480, 50 P.3d 536, 541 (2002).

revival, and no directors were listed on New York Owners' certification, Redl argues that New York Owners' corporate charter should not have been revived. However, the Secretary of State stated that it "does not validate the information in the document, only that the information requisite for filing is present. [New York Owners'] documents clearly contain the information necessary for filing by this office."

By listing its president, secretary, treasurer, and resident agent along with their addresses, New York Owners has fulfilled the essential elements necessary to ensure that every reasonable objective of NRS 78.730 has been met. New York Owners omitted only the list of directors, but met all other statutory requirements. Because New York Owners substantially complied with NRS 78.730, the Secretary of State lacked the discretion to review the merits of New York Owners' revival application. The Secretary of State made the decision to revive New York Owners' charter because New York Owners filed the necessary information. The Secretary of State's decision to revive New York Owners' corporate charter was not an arbitrary or capricious exercise of discretion. Accordingly, we deny the petition for a writ of mandamus.