GOLD RIDGE PARTNERS, A CALIFORNIA GENERAL PARTNERSHIP, AS TO AN UNDIVIDED 1/4 INTEREST; SKY VIEW PARTNERS, A CALIFORNIA GENERAL PARTNERSHIP, AS TO AN UNDIVIDED 1/4 INTEREST; GRAND VIEW PARTNERS, A CALIFORNIA GENERAL PARTNERSHIP, AS TO AN UNDIVIDED 1/4 INTEREST; ROLLING HILLS PARTNERS, A CALIFORNIA GENERAL PARTNERSHIP, AS TO AN UNDIVIDED 1/4 INTEREST; AND FIRST FINANCIAL PLANNING CORPORATION, A NEVADA CORPORATION, APPELLANTS/CROSS-RESPONDENTS, v. SIERRA PACIFIC POWER COMPANY, A NEVADA CORPORATION, RESPONDENT/CROSS-APPELLANT.

No. 57084

September 27, 2012                    285 P.3d 1059

---

[10]All other arguments raised on appeal either lack merit or are rendered moot by this disposition.

*Cotton, Driggs, Walch, Holley, Woloson & Thompson* and *Stacy D. Harrop* and *Gregory J. Walch*, Las Vegas, for Appellants/Cross-Respondents.

*Law Offices of Michael G. Chapman* and *Michael G. Chapman* and *Michelle L. Stone*, Reno, for Respondent/Cross-Appellant.

# OPINION

By the Court, PARRAGUIRRE, J.:

In this opinion, we address a motion to remand in an eminent domain action. Under Nevada law, a public agency may take private property for a public use by instituting an eminent domain action and paying just compensation to the property's owner. If, at any time during the pendency of the eminent domain proceeding, the public agency determines that it no longer needs the property, the eminent domain statutes provide that the agency may abandon the action and move for dismissal of the case. In this proceeding, we consider whether a public agency may abandon an eminent domain action, pursuant to this statutory authority, after it has paid just compensation and the district court has entered a final order of condemnation, but before the resolution of issues pending on appeal. Concluding that it can, we further determine that the district court retains jurisdiction to address a notice of abandonment and motion to dismiss, even while an appeal of the matter is pending in this court. Thus, we deny the motion to remand as moot because a remand is unnecessary for the district court to decide the motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

In the district court, respondent/cross-appellant Sierra Pacific Power Company instituted an eminent domain action against appellants/cross-respondents Gold Ridge Partners, Sky View Partners, Grand View Partners, Rolling Hills Partners, and First Financial Planning Corporation (the landowners), seeking to take certain property owned by the landowners in order to use it as an electrical substation. The district court awarded Sierra Pacific possession of the property at the outset of the proceedings, and a jury trial was held to determine the amount of money due to the landowners for the taking of their property. At the conclusion of the trial, the jury found that Sierra Pacific owed the landowners $4.4 million as just compensation.

Following the trial, the parties entered into a "stipulation for entry of judgment and for entry of final order of condemnation," in which they agreed that Sierra Pacific would pay the just compensation amount into court and the landowners would take steps to satisfy and have released all encumbrances on the land. Consistent with the agreement, Sierra Pacific paid the judgment amount, and the district court entered a "judgment of condemnation" and a "final order of condemnation," which Sierra Pacific recorded. The landowners then withdrew the judgment amount

that Sierra Pacific had paid and used the money to pay in full loans secured by deeds of trust against the property. At the same time, the landowners appealed the judgment of condemnation to this court in order to raise issues regarding valuation of the property, and Sierra Pacific cross-appealed from the judgment, also to raise valuation issues.

While the appeals were pending, however, Sierra Pacific filed in the district court a notice of its intent to abandon the condemnation proceedings and a motion to vacate the judgment of condemnation. The landowners objected to the abandonment, arguing, in part, that the district court lacked jurisdiction to permit the abandonment while an appeal was pending. The district court agreed with the landowners that it lacked jurisdiction to enter an order vacating the judgment, but certified its inclination to grant the motion to vacate based on its conclusion that Sierra Pacific was entitled to abandon the proceedings. This motion for remand followed.

In order to put the pending remand motion into context, we begin our discussion with a brief overview and interpretation of the relevant eminent domain statutes before addressing the district court's continuing jurisdiction to resolve the underlying motion, regarding Sierra Pacific's decision to abandon the condemnation, while this appeal is pending.

## DISCUSSION

### Nevada's eminent domain statutes

The Nevada Constitution protects against the taking of private property for public use without just compensation. Nev. Const. art. 1, § 8(6). To that end, NRS Chapter 37 governs the power of a public agency to take property through eminent domain proceedings. *See* NRS 37.0095(1). When a public agency seeks to obtain private property through this process, it must first show that the condemnation of the property is necessary and will be used for a "public use." NRS 37.040(1) and (2). Once the agency has made such a showing, the value of the property and any damages to the defendant property owner are assessed by the court, a jury, commissioners, or a master. NRS 37.110; NRS 37.120.

Following the determination of damages, the court enters a "judgment determining the right to condemn [the] property and fixing the amount of compensation to be paid by the plaintiff." NRS 37.009(3). If the judgment is appealed to this court, the plaintiff may take or, if it has already done so, remain in possession of the property while the appeal is pending by paying into the district court the full amount of the judgment plus damages for the

taking, as well as any damages that may be sustained if, for any reason, the property is not ultimately taken. NRS 37.170(1). The defendant may then receive the deposited money by filing a satisfaction of the judgment or a receipt for the money and an abandonment of any defenses to the proceedings, other than defenses as to the amount of money to which the defendant is entitled. NRS 37.170(2).

A condemnation proceeding is ultimately resolved by a "[f]inal judgment," which is "a judgment which cannot be directly attacked by appeal, motion for new trial or motion to vacate the judgment."[2] NRS 37.009(2). Within 30 days after entry of the final judgment, the plaintiff must deposit into court the sum of money assessed as just compensation in the condemnation proceeding. NRS 37.140; NRS 37.150. Once the money is deposited, the district court will enter a final order of condemnation describing the subject property and the purpose of the condemnation. NRS 37.160. Upon the recording of the final order of condemnation in the office of the county recorder, title to the property vests in the plaintiff. *Id.*

With this background, the first issue we must resolve in this appeal concerns NRS 37.180(1) and the circumstances under which a plaintiff may abandon a condemnation. In particular, under NRS 37.180(1), "[t]he plaintiff may abandon the [condemnation] proceedings at any time after filing the complaint and before the expiration of 30 days after final judgment." If the plaintiff abandons the condemnation proceeding, the district court, on motion of a party, must enter a judgment dismissing the proceedings and awarding costs and attorney fees to the defendants. *Id.* Additionally, if the plaintiff has been in possession of the property, the defendant is entitled to any damages caused by the plaintiff's occupancy. NRS 37.180(2).

Questions of statutory interpretation are reviewed de novo. *Leven v. Frey*, 123 Nev. 399, 402, 168 P.3d 712, 714 (2007). The goal of statutory interpretation is to effectuate the Legislature's intent. *Savage v. Dist. Ct.*, 125 Nev. 9, 16, 200 P.3d 77, 82 (2009). If a statute's language is clear and unambiguous, this court will apply its plain language. *Leven*, 123 Nev. at 403, 168 P.3d at 715. Plain

---

[2]Generally, in civil appeals, a final judgment is an appealable decision. *See* NRAP 3A(b)(1). In a condemnation action, however, the "judgment" is the appealable decision, *see* NRS 37.009(3); NRS 37.170(1), whereas the "[f]inal judgment" refers to a judgment that can no longer be "attacked by appeal." *See* NRS 37.009(2).

meaning may be ascertained by examining the context and language of the statute as a whole. *Redl v. Secretary of State*, 120 Nev. 75, 78, 85 P.3d 797, 799 (2004).

Thus, under the plain language of NRS 37.180(1), an eminent domain plaintiff may abandon the proceeding, so long as no more than 30 days has passed since entry of the final judgment. The effect of NRS 37.180(1) is that a public agency in an eminent domain action will know for certain how much it will have to pay in just compensation before finally deciding whether it will take the subject property or abandon the proceeding. *See id.*

In this case, the landowners assert that Sierra Pacific lost its statutory right to abandon the proceeding at the end of the trial when Sierra Pacific chose to pay the judgment amount in order to retain possession of the property while the appeal was pending. This contention is contrary to the plain language of the eminent domain statutes, as a final judgment had not been entered in this action at that time. *See* NRS 37.009(2); NRS 37.180(1). Indeed, although the parties entered into the stipulation and Sierra Pacific took title to the property, the judgment amount was still open to change, as both Sierra Pacific and the landowners intended to appeal the judgment as to valuation issues. Under the landowners' interpretation of the statutes, if this court reversed the jury's award and the just compensation amount was ultimately set much higher than originally determined, Sierra Pacific would have had no choice but to pay the additional amount without the option of abandoning the proceeding if it determined that the new award was too high. But we conclude that such a result is inconsistent with the language and the apparent intent of NRS 37.180(1).

The landowners alternatively argue that, in this situation, Sierra Pacific cannot constitutionally abandon the proceeding because the taking of the property is already complete, title to the property has vested in Sierra Pacific, and thus, the right to compensation has vested in the landowners. Once a taking is complete, an eminent domain plaintiff can no longer compel a property owner to retake property and accept only damages for the detention of the property. *Carl Roessler, Inc. v. Ives*, 239 A.2d 538, 541 (Conn. 1968). The question of when a taking is complete is determined by the procedure of the state in which the action is proceeding. *Id.* Because NRS 37.180(1) permits abandonment at any time within 30 days after entry of a final judgment in an eminent domain proceeding, the taking cannot be considered complete, under Nevada law, until the expiration of that time period. While we recognize that, by

virtue of the parties' stipulation, the district court entered a final order of condemnation and Sierra Pacific vested title to the property in itself, we cannot conclude that this action rendered the taking complete in light of NRS 37.180's clear statement permitting abandonment within 30 days of the final judgment and the parties' knowledge that no final judgment had been entered, as issues were being appealed to this court. Thus, we conclude that Sierra Pacific is authorized by NRS 37.180(1) to abandon the proceeding in this case.

Because we conclude that Sierra Pacific was within its right to abandon the condemnation proceeding, the next issue we must resolve is whether the district court has jurisdiction, while this appeal is pending, to consider the notice of abandonment and the motion to vacate the judgment.[3]

*The district court has jurisdiction to consider the motion to vacate*

Sierra Pacific argues that a remand is unnecessary because the district court has jurisdiction to consider the abandonment and consequent motion to vacate the judgment. Generally, the timely filing of a notice of appeal divests the district court of jurisdiction to act in matters pending before this court, such that the district court only retains jurisdiction to consider collateral matters. *Foster v. Dingwall*, 126 Nev. 49, 52, 228 P.3d 453, 454-55 (2010). Here, the motion to vacate the judgment is not a collateral matter, and under the general rule, the district court would not have jurisdiction to consider such a motion while an appeal was pending. As discussed above, however, NRS 37.180(1) permits a public agency to abandon its eminent domain proceeding "at any time" between the filing of the complaint and 30 days after a final judgment. Moreover, if the plaintiff abandons the action, the district court must dismiss the proceedings on motion of any party. NRS 37.180(1).

While this court has previously rejected the argument that the phrase, "at any time," in a child custody modification statute permitted the district court to modify a child custody order when an appeal was pending, *see Mack-Manley v. Manley*, 122 Nev. 849, 855, 138 P.3d 525, 529-30 (2006), unlike NRS 125.510(1)(b), the statute in question in that case, which generally permits a district court to act at any time while a child under its jurisdiction is a

---

[3]Although Sierra Pacific apparently filed a motion to vacate the judgment, rather than a motion to dismiss, as discussed in NRS 37.180(1), the effect of such a motion would be the same, and the district court may treat the motion as a motion to dismiss filed pursuant to the statute.

minor, NRS 37.180(1) *requires* a district court to act on motion of a party during a specific time period, which includes the time when an appeal of the eminent domain matter is pending before this court. *See* NRS 37.180(1) ("Upon . . . abandonment, on motion of any party, a judgment *must be entered* dismissing the proceedings . . . ." (emphasis added)). Because a plaintiff is specifically authorized to abandon its eminent domain action while an appeal is pending, the district court must retain a limited jurisdiction during the pendency of the appeal to consider a motion to dismiss filed pursuant to a plaintiff's notice of abandonment. *See Community Development Com'n v. Shuffler*, 243 Cal. Rptr. 719, 723 (Ct. App. 1988) (concluding that the district court had jurisdiction, pursuant to a similarly worded statute, to consider a notice of abandonment and motion to set aside that notice, despite the pendency of an appeal in the subject eminent domain proceeding). Furthermore, as an abandonment is likely to render any issues in the appeal moot, it would be illogical to require the plaintiff to wait until the conclusion of the appeal to have the district court adjudicate such a motion. For these reasons, we conclude that a remand in this case is unnecessary, as the district court has jurisdiction to consider Sierra Pacific's notice of abandonment and motion to vacate the judgment.[4] Accordingly, we deny the motion as moot.[5]

DOUGLAS, SAITTA, and HARDESTY, JJ., concur.

GIBBONS, J., with whom CHERRY, C.J., agrees, concurring:

While I concur with the majority that the district court has jurisdiction to consider the motion to vacate, I write separately to emphasize that the district must address the equitable estoppel arguments raised by the landowners in their opposition to the motion to remand. Among other things, the district court should consider the timeline in this case.

Sierra Pacific filed its initial complaint for condemnation on February 27, 2008. On May 16, 2008, the district court granted Sierra Pacific's motion for occupancy. At that time, Sierra Pacific

---

[4]Although the landowners raise an equitable estoppel argument on appeal, it is not clear whether the landowners raised this argument in the district court. Moreover, as such arguments implicate factual issues, which the district court did not address in its certification of its intent to grant the motion to vacate, we decline to rule on the landowners' equitable estoppel arguments in this opinion. We note, however, that when deciding the motion to vacate, the district court should address any properly raised equitable estoppel arguments presented by the landowners.

[5]The stay of briefing entered by this court on December 28, 2011, remains in effect pending further order of this court. Sierra Pacific shall file, within 30 days from the date of this opinion, a status report updating this court as to the status of its notice of abandonment and motion to vacate the judgment in the district court.

deposited the amount of $1,920,000 with the district court clerk. This amount was based upon Sierra Pacific's appraisal of the property. Approximately two years later, the jury awarded the landowners just compensation in the amount of $4.4 million. After the jury award was entered, the parties entered into a stipulation on August 30, 2010, for entry of judgment and for entry of a final order of condemnation. The stipulation was also executed by the attorney for the Borda Family Limited Partnership, which according to the stipulation was the payee of a promissory note and the beneficiary of a deed of trust secured by the subject property. The stipulation contained terms that provided for the satisfaction of the Borda Family Limited Partnership's promissory note.

On August 30, 2010, Sierra Pacific paid the total amount due pursuant to the terms of the stipulation. According to the landowners, the Borda Family Limited Partnership then reconveyed its deed of trust so that Sierra Pacific would receive marketable title to the subject property. In addition to satisfying the promissory note to the Borda Family Limited Partnership, the landowners further assert that they paid off an additional note secured by a deed of trust for the full real estate commission due and owing to Schafer Pacific Properties before distributing the remaining balance of the just compensation amount to approximately 300 of the landowners' partners. On September 21, 2010, the district court entered a judgment of condemnation pursuant to the stipulation entered into by the parties.

The landowners argue that Sierra Pacific was well aware that all payments would be made as a result of the stipulation of August 30, 2010. The landowners further argue that re-purchasing the property from Sierra Pacific at this time is a practical impossibility. Thus, when deciding the motion to vacate, the district court should consider these facts, together with all other factual issues raised by the landowners and Sierra Pacific, to determine whether there are grounds for equitable estoppel. *Mahban v. MGM Grand Hotels*, 100 Nev. 593, 596, 691 P.2d 421, 423 (1984).