16-3548-cv
*Intelligent Dig. Sys., LLC v. Beazley Ins. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

INTELLIGENT DIGITAL SYSTEMS, LLC, RUSS &
RUSS PC DEFINED BENEFIT PENSION PLAN, JAY
EDMOND RUSS, all individually and as assignees of
Jack Jacobs, Robert Moe, Michael Ryan and Martin
McFeely, and Jason Gonzalez,
                    *Plaintiffs-Appellants*,

                    v.                                    16-3548-cv

BEAZLEY INSURANCE COMPANY, INC.,
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:        IRA LEVINE, Law Office of Ira Levine, Esq.,
                                  Massapequa, New York.

FOR DEFENDANT-APPELLEE:     CHRISTOPHER M. STRONGOSKY (Joseph G. Finnerty III, Neal F. Kronley, *on the brief*), DLA Piper LLP (US), New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Intelligent Digital Systems, LLC ("IDS"), Russ & Russ PC Defined Benefit Pension Plan (the "Plan"), and Jay Edmond Russ, all individually and as assignees of insured individuals Jack Jacobs, Robert Moe, Michael Ryan, Martin McFeely, and Jason Gonzalez, appeal from the district court's October 5, 2016 judgment dismissing the amended complaint and resolving this insurance action in favor of defendant-appellee Beazley Insurance Company, Inc. ("Beazley"). The primary issue is Beazley's disclaimer of coverage for Russ's claims against the insured directors of Visual Management Systems, Inc. ("VMS"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

A.    *Background*

Russ is a New York attorney who founded IDS, a technology company in the digital recording industry. Directly and indirectly (through another wholly-owned company), Russ is the sole officer of IDS. He is also the fiduciary of the Plan.

- 2 -

In January 2008, IDS agreed to sell its assets to non-party VMS, a company, now dissolved, in the video technology business. VMS agreed to pay IDS $1.5 million over time and issued a promissory note to that effect, and it agreed also to add Russ to its Board of Directors and to hire him as a consultant. On February 26, 2008, the VMS Board of Directors met and, after a motion was made and seconded, approved the transaction and Russ's appointment, conditioned upon completion of the transaction. The transaction closed on April 2, 2008. VMS's general counsel confirmed to Russ that Russ would be a director as of its May 2008 meeting. Russ participated in three board meetings and was paid for his services as a board member.

Beazley is a Connecticut company that provided insurance coverage to VMS under a directors and officers liability insurance policy (the "Policy"). The Policy provides that "[t]he Insurer shall pay on behalf of the Directors and Officers all Loss which is not indemnified by the Company resulting from any Claim first made against the Directors and Officers during the Policy Period for a Wrongful Act." Suppl. App'x 553 (emphasis omitted). The Policy defines "Directors and Officers" to include "all persons who were, now are, or shall be duly elected or appointed directors." Suppl. App'x 556. Section III(F) of the Policy contains what the parties refer to as an "insured v. insured exclusion," which excludes coverage for "any Claim . . . by, on behalf of, or at the direction of any of the Insureds, except and to the extent such Claim . . . is employment-related and brought by or on behalf of any of the Directors and Officers."

Suppl. App'x 559, 561 (emphasis omitted). The Policy defines "Insureds" as "the Directors and Officers and the Company." Suppl. App'x 556 (emphasis omitted).

In December 2008, Russ announced that he was resigning from the board and might sue VMS for payments owed under the promissory note. Plaintiffs initiated an action against VMS and the other five directors in March 2009. Beazley denied VMS coverage under the Policy and cited the insured v. insured exclusion. The litigating parties settled the action, with four directors agreeing to pay a total of $75,000, all five directors agreeing to the entry of judgments against them in amounts exceeding $2 million, plaintiffs agreeing to "unconditionally forbear collection" of the judgments against the five directors, and all five directors assigning their rights under the Policy to plaintiffs. S. App'x 59, 60.

On March 12, 2012, plaintiffs commenced this diversity action against Beazley and sought indemnification for the unpaid amounts of the judgments. On November 27, 2012, the court converted Beazley's motion to dismiss the complaint to a summary judgment motion, denied the motion, and denied Beazley's subsequent motion for reconsideration. On June 23, 2015, the court denied the parties' cross-motions for summary judgment as to the amended complaint and narrowed the issues for trial to: (1) whether Russ was duly elected or appointed to the Board and thus not entitled to indemnification because of the insured v. insured exclusion and (2) if not, whether Beazley could assert equitable estoppel as a defense against Russ's coverage

claim.  The jury found at trial that Russ had been duly elected or appointed within the meaning of the Policy and therefore it did not reach the estoppel defense.  Final judgment was entered in Beazley's favor on October 5, 2016.  This appeal followed.

**B.**     *Discussion*

Two principal issues are presented: (1) whether the insured v. insured clause applies to this case, and (2) assuming it does, whether Russ was duly elected or appointed a director.

**1.**     *Applicability of the Insured v. Insured Clause*

Under New York law, which the parties agree applies to the Policy, "insurance policies are interpreted according to general rules of contract interpretation." *Olin Corp. v. Am. Home Assurance Co.*, 704 F.3d 89, 98 (2d Cir. 2012).  This initial interpretation of the contract and whether its terms are ambiguous are questions of law for the court, *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000), and so we review the district court's interpretation of the contract and its terms *de novo, see U.S. Fid. & Guar. Co. v. Fendi Adele S.R.L.*, 823 F.3d 146, 149 (2d Cir. 2016).  The court must interpret the contract "to give effect to the intent of the parties as expressed in the clear language of the contract," *Morgan Stanley*, 225 F.3d at 275 (quoting *Vill. of Sylvan Beach v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. 1995)), and give words and phrases in the contract their plain meaning, *Olin*, 704 F.3d at 99.  A term is ambiguous if its language "could suggest 'more than one meaning when viewed objectively by a

- 5 -

reasonably intelligent person.'" *Morgan Stanley*, 225 F.3d at 275 (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906 (2d Cir. 1997)).

By limiting the trial to the issue of whether Russ was duly elected or appointed, the district court essentially ruled as a matter of law that the insured v. insured clause applied to this case, rejecting plaintiffs' contention that at a minimum there was ambiguity in the clause and that the exclusion could be read as applying only to claims brought by directors in their capacities as directors.

We agree with the district court. The insured v. insured exclusion, on its face, exempts from coverage "any" claim brought by, on behalf of, or at the direction of an insured director, unless the claim is employment-related. Suppl. App'x 559, 561. The exclusion is not limited to claims brought by an insured in his "capacity" as a director. On its face, the exclusion applies to all claims (except employment-related claims) regardless of whether the director brings the claims in an individual or fiduciary capacity.[1] Moreover, the employment-related exception to the exclusion applies only to claims brought by employees -- not by consultants, like Russ. Indeed, his consultant's agreement specified that he was an independent contractor and not an employee.

---

[1]     In contrast, in *Trs. of Princeton Univ. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 839 N.Y.S.2d 437, 2007 WL 1063870 (N.Y. Sup. Ct. Apr. 10, 2007) (unreported disposition), a case plaintiffs relied on heavily, the policy's insured v. insured clause did contain limiting language, and the court noted that the exclusion there was "narrower in scope than typical 'insured versus insured' exclusions." *Id.* at *1 n.1.

Accordingly, plaintiffs' challenge to the application of the insured v. insured exclusion to Russ's claims fails on the merits.

**2.** ***Whether Russ Was Duly Elected or Appointed***

Assuming the insured v. insured clause applies, the next question is whether Russ was "duly elected or appointed" as a director within the meaning of the Policy. While this question was put to the jury and the jury resolved it against plaintiffs, plaintiffs argue in essence that summary judgment should have been granted in their favor. They contend that the district court should have determined that the Policy language was ambiguous and the ambiguity should have been resolved in their favor. *See Belt Painting Corp. v. TIG Ins. Co.*, 100 N.Y.2d 377, 383 (2003) ("[P]olicy exclusions are given a strict and narrow construction, with any ambiguity resolved against the insurer."). Specifically, plaintiffs allege that the Policy language was ambiguous as to the process required for directors to be considered duly elected or appointed.

Our *de novo* review indicates that no such ambiguity exists in the Policy. The plain meaning of the phrase "duly elected or appointed" in the Policy's definition of "Directors and Officers" is that directors must be duly selected, by vote or appointment, in accordance with proper procedures. There is nothing in the language of the Policy to support plaintiffs' argument that the omission of references to "'de facto' director[s]," Appellants' Br. at 30, renders the otherwise unambiguous language ambiguous.

Plaintiffs' reliance on the VMS bylaws is also misplaced. They argue that §§ 2.1, 2.2, and 2.6 of the bylaws required the board to formally vote to expand its membership in addition to voting to appoint Russ as a new director, and that the district court erred in not reaching this conclusion as a matter of law. We are not persuaded.

Under Nevada law, which the parties agree applies to the bylaws,[2] whether a contract is ambiguous is a question of law that the court may decide on summary judgment. *Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 366 (Nev. 2013). "[A] contract is ambiguous if its terms may reasonably be interpreted in more than one way." *Id.* The court may admit expert evidence of industry custom or trade usage to provide context for its legal decision about whether a contract is ambiguous. *Id.* at 366-67. If the contractual language is ambiguous, the court may admit extrinsic evidence to allow a jury to assess the parties' intent, clarify ambiguities, or fill omissions. *Ringle v. Bruton*, 86 P.3d 1032, 1039 (Nev. 2004).

As an initial matter, we tend to disagree with the district court's conclusion that the bylaws were ambiguous: we doubt that the bylaws can be read to require a separate, formal vote to increase the number of directors from five to six. While the bylaws provide that the number of directors was to be determined by the Board "from time to time," App'x 780, the bylaws do not specify that a formal vote was

---

[2] The parties agree that the Nevada law on contracts governs this issue because VMS was a Nevada corporation.

needed to set or change the number. By voting unanimously to appoint Russ as its sixth director, the board implicitly -- if not explicitly -- "determined," *see* App'x 780, that it would increase its membership to six. *Cf. Redl v. Sec'y of State*, 85 P.3d 797, 800-01 (Nev. 2004) (finding sufficient "substantial compliance" with statutory requirements for corporate filings). Contrary to plaintiffs' suggestion, the bylaws' reference to "newly-created directorships *resulting from any increase in the authorized number of directors*," App'x 780 (emphasis added), does not explicitly require more formal action by the board.

Even assuming that the district court correctly held that the bylaws were ambiguous, the question of whether Russ was duly elected or appointed as a director was put to the jury, and the jury determined that he was. That decision was well supported by the largely undisputed evidence: all of VMS's five directors were present at the February 26, 2008 board meeting; Russ thereafter began serving as a director and sought confirmation that he was indeed covered by the Policy; he attended three board meetings and was paid for his service; and in various filings with government agencies, VMS represented that Russ was a director. All of the parties treated Russ as a duly elected or appointed director.

As we agree with the district court as to the applicability of the insured v. insured exclusion, we need not address plaintiffs' claims of error in the district court's rulings on Beazley's equitable estoppel defense, as to which we express no view.

We have considered plaintiffs' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk